

FILED ___ LODGED
RECEIVED

APR 0 8 2004

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

04-CV-05199-CMP

HONORABLE _____

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JAMES DANNENBAUM, JOSE H. MELENDEZ and all other similarly situated employees of Defendants,<br><br>Plaintiffs,<br><br>v.<br><br>CSK AUTO, INC., an Arizona Corporation, ROBIN SCHOFIELD and JANE DOE SCHOFIELD, husband and wife; CHET BRADLEY and JANE DOE BRADLEY, husband and wife; TIM MASON and JANE DOE MASON, husband and wife; and JOHN DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No.   C 0 4 - 5 1 9 9 FDB<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FAIR LABOR STANARDS ACT 29 U.S.C. § 215**<br>2. **MINIMUM WAGE ACT, RCW 49.46**<br>3. **MINIMUM WAGE ACT, RCW 49.46; 49.52**<br>4. **CONSUMER PROTECTION ACT, RCW 19.86**<br>5. **RICO, 18 U.S.C. § 1961**<br>6. **BREACH OF IMPLIED CONTRACT**<br>7. **BREACH OF WRITTENCONTRACT**<br>8. **PROMISSORY ESTOPPEL**<br>9. **RACIAL DISCRIMINATION UNDER RCW 49.60.**<br><br>**JURY DEMAND** |

COMPLAINT FOR DAMAGES - 1
H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint 03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA. 98409
Telephone: 253-472-6213

ORIGINAL

COME NOW the Plaintiffs, JAMES DANNENBAUM and JOSE H. MELENDEZ, for themselves and on behalf of all others similarly situated (hereinafter referred to as "The CLASS"), and allege as follows:

## I.    JURISDICTION, VENUE AND PARTIES

1.    All of the unlawful acts complained of herein took place either in the City of Lakewood, Pierce County, Washington and elsewhere within this judicial district.

2.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331 based upon federal questions under the laws of the United States. In addition, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) as the majority of the illegal acts and conduct alleged in this lawsuit took place within Pierce County, Washington within the Western District of Washington.

4.    At all times material hereto, Plaintiff JAMES DANNENBAUM is a resident of Wauna, Pierce County, State of Washington. For approximately five (5) years and presently, he is and was an employee of Defendant CSK Auto, Inc. (hereinafter referred to as "CSK") as a Sales Associate and as a Commercial Sales Manager.

5.    At all times material hereto, Plaintiff JOSE H. MELENDEZ is a resident of Tacoma, Pierce County, State of Washington. For approximately eleven (11) years, he was an employee of Defendant CSK as a Sales Associate.

6.    Defendant CSK AUTO INC. is an Arizona corporation doing business in the State of Washington with numerous automotive supply stores located within this

COMPLAINT FOR DAMAGES - 2
H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

judicial district.  Defendant CSK is commonly known as "Schuck's Auto Supply," "Checker's Auto Parts" and "Kragen's Auto Parts."

7.       Defendants ROBIN SCHOFIELD and JANE DOE SCHOFIELD reside in Bremerton, Kitsap County, Washington and form a marital community under the laws of the State of Washington.  All acts performed by Defendant ROBIN SCHOFIELD were done on behalf or, and for the benefit of, the marital community.  Defendant ROBIN SCHOFIELD, at all times relevant to this lawsuit, was the District Manager of District No. 161 of the Northwest Region District of the State of Washington for Defendant CSK.

8.       Defendants CHET BRADLEY and JANE DOE BRADLEY reside in Pierce County, Washington and form a marital community under the laws of the State of Washington.  All acts performed by Defendant CHET BRADLEY were done on behalf or, and for the benefit of, the marital community.  Defendant CHET BRADLEY, at all times relevant to this lawsuit, was the Store Manager for the Lakewood Depot, Store No. 1296 where Plaintiffs DANNENBAUM, Melendez and many members of The CLASS were employed.

9.       Defendants TIM MASON and JANE DOE MASON reside in Pierce County, Washington and form a marital community under the laws of the State of Washington.  All acts performed by Defendant TIM MASON were done on behalf or, and for the benefit of, the marital community.  Defendant TIM MASON, at all times relevant to this lawsuit, was an Asset Protection Manager within the Northwest Region District of the State of Washington for Defendant CSK.

COMPLAINT FOR DAMAGES - 3
H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

10.     The true names and capacities, whether corporate, associate or otherwise of Defendants sued herein as JOHN DOES 1 through 10, inclusively are currently unknown to the Plaintiffs and members of The CLASS who therefore sues Defendants by such fictional names and without official and specific capacities.

## II.     GENERAL ALLEGATIONS RELEVANT TO CLASS REPRESENTATIVES INDIVIDUAL AND CLASS CAUSES OF ACTION

Plaintiffs and The CLASS alleges the following:

11.     Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS are current and past employees required to record all actual hours worked during any and all pay periods as set forth in the Policies and Procedures section of the Defendant CSK Associate Handbook.  Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS, in compliance with the CSK Associate Handbook, recorded all of their hours worked for each workday.  They recorded the actual time that they began working, their meal periods and the time that they left the work site.

12.     Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS, as required by the CSK Associate Handbook, signed each one of their time records indicating that each record was a true and accurate record of all hours that they worked. They signed each one of their time records with the highest level of integrity and honesty expected by Defendant CSK and required by the CSK Associate Handbook.

13.     During Plaintiffs DANNENBAUM, MELENDEZ and The CLASS' employment, beginning on or about August 1999 and continuing until or about March

COMPLAINT FOR DAMAGES - 4
H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

12, 2002, Defendant CSK had a policy of rewarding store managers with financial bonuses.  In order to receive such a bonus, the store managers must keep the hours worked by personnel as low as possible.  Each month, the store managers were given a goal of personnel hours and gross sales.  If the personnel hours were lower than that goal, the bonus was significantly higher.  If the gross sales were higher, the bonus was greater but not as great as when the personnel hours were lower.  When the personnel hours were higher than the goal, the bonus was significantly smaller or nonexistent. Therefore, in keeping with this policy, store managers would do whatever was necessary to reduce the number of personnel hours while making or exceeding the gross sales goal.

14.    One of the methods used by Defendants BRADLEY and JOHN DOES was to schedule as few sale associates as possible during each work day and to require those associates to work without breaks, including lunch breaks, during the work day.  The Plaintiffs and members of The CLASS would also be required to work in excess of 40 hours in a workday; however, the Plaintiffs and members of The CLASS would often only be paid for 40 hours of work or be paid for less overtime than actually worked.

15.    Another method used by Defendants BRADLEY and JOHN DOES was to review and edit time records at the end of any and all pay periods.  If the Plaintiffs and members of The CLASS did not take lunch breaks during the workdays in any pay period, Defendant BRADLEY would add half-hour lunch periods to their time records, thereby reducing the number of paid work hours during any pay period for Plaintiffs and members of The CLASS.  Additionally, if the time records of Plaintiffs and

COMPLAINT FOR DAMAGES - 5

H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint 03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

1    members of The CLASS reflected overtime hours, Defendants BRADLEY and JOHN

2    DOES would reduce the number of overtime hours with the similar effect of reducing

3
     the number of paid work hours for Plaintiffs and members of The CLASS during any
4

5    pay period.

6          16.    Defendants BRADLEY AND JOHN DOES also edited the time records of

7    mid managers.  Because those managers could access the computerized time records

8    themselves, the managers could go in behind the actions of Defendants BRADLEY and

9
     JOHN DOES and correct the edited time records so that their work time was accurately
10

11   reflected.  Plaintiffs DANNENBAUM, MELENDEZ and member of The CLASS were

12   not authorized to access the computerized time records to correct their time records.

13         17.    Routinely, Plaintiffs DANNENBAUM, MELENDEZ and members of The

14
     CLASS worked in excess of 40 hours per workweek.  Plaintiffs DANNEMBAUM,
15

16   MELENDEZ and members of The CLASS would only be paid for 40 hours in a

17   workweek, or for less overtime than actually worked.

18         18.    On or about March 12, 2002, after numerous complaints from Plaintiffs

19   DANNEMBAUM, MELENDEZ and members of The CLASS, Defendant MASON, a

20
     manager in the Loss Prevention Division of the Northwest Region, which, based on
21

22   information and belief, is an auditing section of Defendant CSK, came to Store No. 1296

23   to review the time records.  Defendant MASON verified the editing of time records.

24   Defendant MASON then took Plaintiff DANNENBAUM and members of The CLASS

25
     individually into an office and asked how many hours each individual estimated was
26

27   COMPLAINT FOR DAMAGES - 6
     H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
28   03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

edited from his/her time records.  Plaintiff DANNENBAUM and members of The CLASS gave an estimate of the number of hours.

19.    Regardless of the estimates, Defendant MASON offered significantly less unpaid wages to settle their claims.  For example, Defendant MASON offered Plaintiff DANNENBAUM 2.5 hours when his conservative estimate, given without the opportunity to review his records, was over 100 hours of edited, and unpaid wages. Defendant MASON gave Plaintiff DANNENBAUM and members of The CLASS a statement to sign indicating their satisfaction with the offer.  Defendant MASON and Defendant JOHN DOES made it very clear to Plaintiff DANNENBAUM and members of The CLASS that they would accept this offer or face retaliation including termination from employment.  Because Plaintiff DANNENBAUM and other members of The CLASS did not wish to be terminated from their employment, they signed the statements.  Neither Plaintiff DANNENBAUM nor the members of The CLASS were given a copy of the statement.  This offer of settlement was not for the total number of hours and each employee was instructed not to discuss the matter outside of the store or face discipline including termination.

20.    Plaintiff MELENDEZ and other members of The CLASS routinely was required to work in excess of 40 hours per workweek.  He was required to take uncompleted work home with him after his workday to complete.  He was only paid for 40 hours per workweek or significantly less overtime than he actually worked.

21.    Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS have the following claims in common.

COMPLAINT FOR DAMAGES - 7

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

## III.    FIRST CAUSE OF ACTION
### VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215
### Against ALL DEFENDANTS

Plaintiffs reallege the above Paragraphs 1 through 20 and incorporates the same as though fully set forth herein.

22.    Defendant CSK is an employer engaged in interstate commerce.

23.    Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS worked in excess of 40 hours per work week without being paid at rates not less than one and one half times their regular rates at which they were employed.

24.    Defendants CSK, SCHOFIELD, BRADLEY, MASON and JOHN DOES failed to pay Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS their fair wages for the 40-hour workweek.

25.    Defendants CSK, SCHOFIELD, BRADLEY, MASON and JOHN DOES failed and refused to pay them their fair wages for their work in excess of the 40-hour workweek.

26.    Defendants CSK, SCHOFIELD, BRADLEY, MASON and JOHN DOES acted knowingly, intentionally and willfully and with intent to deprive Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS of their wages for their 40-hour workweeks and for overtime.

27.    As a direct and proximate result of the violation of 29 U.S.C. § 215(a), Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS are entitled to recover their unpaid overtime compensation plus an additional amount in liquidated

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

1  damages and such other legal and/or equitable relief as may be appropriate to

2  effectuate the purposes of 29 U.S.C. § 215(a).

### IV.    SECOND CAUSE OF ACTION
### WASHINGTON STATE MINIMUM WAGE ACT, RCW 49.46.130
### Against ALL DEFENDANTS

Plaintiffs reallege the above Paragraphs 1 through 27 with the same force and

effect and incorporates the same as though fully set forth herein.

28.    Defendants CSK, SCHOFIELD, BRADLEY, MASON and JOHN DOES

failed and refused to pay Plaintiffs DANNENBAUM, MELENDEZ and members of The

CLASS their fair wages for the 40-hour workweek.

29.    Defendants CSK, SCHOFIELD, BRADLEY, MASON and JOHN DOES

failed and refused to pay them their fair wages for their work in excess of the 40-hour

workweek.

30.    Defendants CSK, SCHOFIELD, BRADLEY, MASON and JOHN DOES

acted knowingly, intentionally and willfully and with intent to deprive Plaintiffs

DANNENBAUM, MELENDEZ and members of The CLASS of their wages for their 40-

hour workweeks and for overtime.

31.    As a direct and proximate result of the violation of RCW 49.46.090,

Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS are entitled to

recover their unpaid overtime compensation plus an additional amount in liquidated

damages and such other legal and/or equitable relief as may be appropriate to

effectuate the purposes of RCW 49.46.090.

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA  98409
Telephone: 253-472-6213

## V.    THIRD CAUSE OF ACTION
### WASHINGTON STATE MINIMUM WAGE ACT, RCW 49.46.100 and 49.52.050
### Against DEFENDANT BRADLEY and JOHN DOES

Plaintiffs reallege the above Paragraphs 1 through 31 with the same force and effect and incorporates the same as though fully set forth herein.

32.     Defendants BRADLEY and JOHN DOES, on behalf of Defendants CSK and SCHOFIELD, routinely edited, changed and falsified the time records of Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS in violation of RCW 49.46.100.

33.     Defendants BRADLEY and JOHN DOES, on behalf of Defendants CSK and SCHOFIELD, acted willfully and with intent to deprive Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS of their wages for their 40-hour workweeks and for overtime pay.

34.     As a direct and proximate result of the violation of Washington State law, Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS are entitled to twice the amount of their wages, which were withheld by Defendants, including their attorneys' fees and costs.

## VI.  FOURTH CAUSE OF ACTION
### WASHINGTON STATE CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ.
### Against DEFENDANTS CSK, SCHOFIELD, BRADLEY and JOHN DOES

Plaintiffs reallege the above Paragraphs 1 through 34 with the same force and effect and incorporates the same as though fully set forth herein.

COMPLAINT FOR DAMAGES - 10
H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

35.    Defendants CSK, SCHOFIELD, BRADLEY and JOHN DOES engaged in an unfair and deceptive practice by editing the time records of Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS.

36.    Defendants CSK, SCHOFIELD, BRADLEY and JOHN DOES' unfair and deceptive practices occurred while they engaged in trade and commerce.

37.    Defendants CSK, SCHOFIELD, BRADLEY and JOHN DOES' unfair and deceptive practices affected the public interest because:

a.    Those practices were committed in the course of Defendant's business;

b.    Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS and Defendants occupied unequal bargaining positions;

c.    Defendants' practices were part of a pattern or generalized course of conduct; and

d.    There is a real and substantial potential for repletion of Defendants' unfair and deceptive practices after the acts involving Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS.

38.    As a direct and proximate result of the violation of the Washington Consumer protection Act, RCW 19.86 *et seq.*, Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS are entitled to recover lost pay, treble damages, attorneys' fees and costs in amounts to be determined at trial.

## VII.  FIFTH CAUSE OF ACTION
### RICO, 18 U.S.C. § 1961 ET SEQ.
### Against DEFENDANTS CSK, SCHOFIELD, BRADLEY and JOHN DOES

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

Plaintiffs reallege the above Paragraphs 1 through 38 with the same force and effect and incorporates the same as though fully set forth herein.

39.     Defendants CSK, SCHOFIELD, BRADLEY and JOHN DOES' conduct of falsifying time records in violation Washington State law and refusing and failing to pay Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS their fair wages required by federal and state law is illegal conduct.

40.     Defendant CSK forms an enterprise under 18 U.S.C. § 1961(5).  Defendants CSK, SCHOFIELD, BRADLEY, MASON and JOHN DOES' conspired to violate federal and state law by falsifying time records in violation Washington State law, by refusing and failing to pay Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS their wages required by federal and state law.  This conspiracy amounts to a pattern of racketeering activity.

41.     The indictable offenses committed by Defendants CSK, SCHOFIELD, BRADLEY, MASON and JOHN DOES include wire fraud prohibited by 18 U.S.C. § 1341 by virtue of the fact that the falsified time records in violation of federal and Washington State law and inadequate minimum wages were wired to Defendant's corporate offices by way of wire transmission via computer.   The Defendants represented that the time records were accurate and material records of time actually worked by the Plaintiffs and members of The CLASS, that the records were false, that the Defendants knew that the records were false and the Defendants intended that the Plaintiffs and members of The CLASS would rely on the Defendants to forward correct and accurate time records, that the Plaintiffs and members of The CLASS did not know

COMPLAINT FOR DAMAGES - 12

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

that the time records were falsified, that the Plaintiffs and members of The CLASS did rely, and had the right to rely, on the Defendants to forward correct and accurate time records of the hours they worked and that the Plaintiffs and members of The CLASS suffered damage by receiving inadequate and inaccurate pay checks as a result of such reliance.

42.     Furthermore, the false records and resultant inaccurate and incorrect paychecks, reflecting violations of federal and state law, were transmitted to Plaintiffs DANNENBAUM, Melendez and members of The CLASS via Air Express, in violation of FCC laws and regulations.

43.     As a direct and proximate result of the racketeering activity alleged herein, Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS is entitled to their economic losses, treble damages as well as attorneys' fees and costs in amounts to be determined at trial.

## VIII.  SIXTH CAUSE OF ACTION
## IMPLIED CONTRACT UNDER THE COMMON LAW
## OF THE STATE OF WASHINGTON
### Against DEFENDANTS CSK, SCHOFIELD, BRADLEY and JOHN DOES

Plaintiffs reallege the above Paragraphs 1 through 43 with the same force and effect and incorporates the same as though fully set forth herein.

44.     By agreeing to accept the terms of employment offered by Defendants CSK, SCHOFIELD, BRADLEY and JOHN DOES, Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS entered into an implied contract with

COMPLAINT FOR DAMAGES - 13
H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

1  Defendants to receive lawful wages for the actual time worked, including overtime pay

2  for hours worked in excess of 40 hours per workweek.

3

4      45.      Defendants breached that implied contract by illegally falsifying time

5  records and by refusing and failing to pay legal wages.

6      46.      As a direct and proximate result of the acts referred to above, Plaintiffs

7  DANNENBAUM, MELENDEZ and members of The CLASS suffered economic

8  damages including but not limited to back pay and interest, and other actual damages

9  in amounts to be determined at trial.

10

11  ### IX.  SEVENTH CAUSE OF ACTION
   BREACH OF WRITTEN CONTRACT UNDER THE COMMON LAW
   OF THE STATE OF WASHINGTON
   Against DEFENDANTS CSK, SCHOFIELD, BRADLEY and JOHN DOES

12

13

14      Plaintiffs reallege the above Paragraphs 1 through 46 with the same force and

15  effect and incorporates the same as though fully set forth herein.

16      47.      Defendants CSK, SCHOFIELD, BRADLEY and JOHN DOES provided

17  Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS with an Associate

18  Handbook.  In this handbook, Plaintiffs DANNENBAUM, MELENDEZ and members

19  of The CLASS agreed to be honest in reporting their actual time work for any pay

20

21  period and Defendant agreed to pay wages for the actual time worked.  Acceptance of

22  these terms of the handbook is a written contract.

23      48.      Because Defendants falsified the time records and failed and refused to

24  pay for the actual time worked, including overtime pay for hours worked in excess of

25

26

27  COMPLAINT FOR DAMAGES - 14
   H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
   03.30.04.doc

28

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

1    40 hours per work week, the Defendants breached the written contract with Plaintiffs

2    DANNENBAUM, MELENDEZ and members of The CLASS.

3
        49.    As a direct and proximate result of the acts referred to above, Plaintiffs
4
5    DANNENBAUM, MELENDEZ and members of The CLASS has suffered economic

6    damages including but not limited to back pay and interest, and other actual damages

7    in amounts to be determined at trial.

8
                            ## X.  EIGHTH CAUSE OF ACTION
9                  ### PROMISSORY ESTOPPEL UNDER THE COMMON LAW
                              OF THE STATE OF WASHINGTON
10          **Against DEFENDANTS CSK, SCHOFIELD, BRADLEY and JOHN DOES**

11        Plaintiffs reallege the above Paragraphs 1 through 49 with the same force and

12   effect and incorporates the same as though fully set forth herein.
13
14        50.    Defendants CSK, SCHOFIELD, BRADLEY and JOHN DOES promised to

15   pay Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS a fair and

16   legal wage for all hours actually worked in any pay period upon Defendant's offer of

17   employment to Plaintiffs and members of The CLASS.
18
19        51.    Based on this promise, Plaintiffs DANNENBAUM, MELENDEZ and

20   members of The CLASS rejected all other offers of employment and came to work for

21   Defendants.

22        52.    Plaintiffs DANNENBAUM, MELENDEZ and members of The CLASS
23
     justifiably relied on Defendants' promise to pay and Defendant illegally falsified time
24
25   records and refused and failed to pay legal wages for the time actually worked by

26   Plaintiffs and members of The CLASS.

27   COMPLAINT FOR DAMAGES - 15
     H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
28   03.30.04.doc

53.    As a result of Defendant's actions, Plaintiffs DANNENBAUM,

MELENDEZ and members of The CLASS suffered an injustice that can be avoided only

by repayment of all unpaid wages and such other legal and equitable relief, as the court

deems appropriate.

## XI. CLASS ACTION ALLEGATIONS

54.    Plaintiffs DANNENBAUM and MELENDEZ are members of a CLASS of

past and present hourly and store level exempt salaried sales associates and other titles,

including full and part time employees, who worked for the Lakewood Depot, Store

No. 1296, of Defendant CSK between on or about August 1999 and on or about March

12, 2002, in both the retail and wholesale divisions.

55.    The number of past and present employees is too numerous to be named

individually and joinder of all members is impractical because they are believed to be in

excess of 100 such employees who are members of this CLASS.

56.    The following questions of fact and law are common to the CLASS:

a.    Whether Defendant CSK AUTO, INC. exercised control over the manner

in which The CLASS members performed their job duties so as to require

Defendant to classify and to compensate The CLASS members as employees,

including payment of overtime

b.    Whether Defendant CSK AUTO, INC. it is an "employer" within the

meaning of federal and state law, requiring it to provide breaks, lunches and

overtime pay.

COMPLAINT FOR DAMAGES - 16
H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

c.      Whether Defendant failed to compensate The CLASS members for overtime hours worked in excess of eight hours per day and forty hours per workweek as required by federal and state law.

d.      Whether Defendant violated 18 U.S.C. § 215.

e.      Whether Defendant violated RCW 49.46.100; RCW 49.46.130 and RCW 49.52.050.

f.      Whether Defendant violated Washington's Consumer Protection Act, RCW 19.86. *et seq.*

g.      Whether Defendant violated RICO, 18 U.S.C. § 1961, *et. seq.*

h.      Whether Defendant breached the implied and/or written contract of employment.

i.      Whether members of The CLASS are entitled to damages pursuant to Washington's common of promissory estoppel.

57.      Plaintiffs DANNENBAUM and MELENDEZ will fairly and adequately represent The CLASS because:

a.      The named Plaintiffs' interests in prosecuting their claims against Defendant are identical to the interest of absent CLASS members.

b.      The named Plaintiffs have sufficient resources to prosecute the action and have retained experienced and competent trial counsel in the subject, specialized area of law.

c.      The named Plaintiffs have background; experience and knowledge with Defendants' unlawful employment practices in the type made complaints to Defendants

COMPLAINT FOR DAMAGES - 17

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

1    concerning its practices, otherwise opposed Defendants' practices and participated in

2    an investigation of Defendants by Loss Prevention.

3        58.    The prosecution of separate actions against the Defendants would create a

4

5    risk of inconsistent or varying adjudications with respect to individual members of The

6    CLASS, which would establish incompatible standards of conduct for the Defendants in

7    the classification and compensation of its present and past employees.

8        59.    Questions of law and fact, common to the members of The CLASS,

9

10   predominate over any questions affecting only individual members, and a CLASS

11   action is superior to other available methods for the fair and efficient adjudication of the

12   controversy.

13       60.    The CLASS members do not have a substantial interest in individually

14

15   controlling the prosecution of separate actions, because other than the calculation of the

16   amounts owed, the damages of each employee are virtually identical, and the

17   employees thus have no incentive to pursue individual actions.

18       61.    There is no known litigation currently pending against Defendants,

19   individually or on behalf of The CLASS, other than the present lawsuit.

20       62.    The individual Plaintiffs, the Defendants, a number of members of The

21

22   CLASS and all counsel are located in Pierce County, and therefore it is desirable to

23   concentrate the litigation of the claims within the selected forum.

24       63.    There are no geographical or logistical issues, which would make

25   management of the CLASS difficult.

26

27   COMPLAINT FOR DAMAGES - 18
     H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
28   03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

## XII.    INDIVIDUAL CAUSE OF ACTION
### BY JOSE H. MELENDEZ
### ILLEGAL FAILURE TO PROMOTE FOR DISCRIMINATORY
### REASONS DUE TO RACE/NATIONAL ORIGIN
### IN VIOLATION OF WASHINGTON STATE LAW, RCW 49.60. *ET SEQ.*

Plaintiff MELENDEZ has the following individual cause of action:

64.    Plaintiff MELENDEZ is of Puerto Rican descent and is a member of a protected CLASS pursuant to Washington State law, RCW 49.60.030.

65.    Plaintiff MELENDEZ was performing his job above the expectations of Defendants CSK, SCHOFIELD and BRADLEY.

66.    On or about October 2001, Plaintiff MELENDEZ applied for the position of Wholesale Manager.

67.    Plaintiff MELENDEZ was qualified for the position.

68.    The position was given to a white male who was less than qualified for the position. This individual had no managerial experience, had no knowledge of the Lakewood Depot, was not adequately performing in his previous position and was a personal friend of Defendant BRADLEY and one of the Loss Prevention managers.

69.    Defendants told Plaintiff MELENDEZ that he could not do the job because he was of Puerto Rican descent, because he had a Spanish accent and because he had a relationship with a white female employee. Said relationship was not against any rule or policy of the Defendants.

70.    As a result of the Defendants' illegal employment action under RCW 49.60.180, Plaintiff Melendez suffered loss of back pay, front pay, emotional distress, pain and suffering and other damages in an amount to be proven at the time of trial.

COMPLAINT FOR DAMAGES - 19
H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

# XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DANNANBAUM, MELENDEZ and all members of The CLASS pray that judgment be entered in their favor and against Defendant as follows:

1. Order Defendants to make Plaintiffs and members of The CLASS whole by providing appropriate back pay with prejudgment interest, by paying withholding taxes and by affording Plaintiffs and The CLASS any other ordinary benefits of employees in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

2. Order Defendants to make Plaintiffs and members of The CLASS whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial.

3. Order Defendants to make Plaintiffs and members of The CLASS whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including emotional pain, suffering and loss of enjoyment of life, in amounts to be determined at trial.

4. Order Defendants to pay Plaintiffs and members of The CLASS the full amount of wages withheld and exemplary damages for its violation of

COMPLAINT FOR DAMAGES - 20

H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
03.30.04.doc

Law Offices of GRANT & ASSOCIATES
The Law Dome
3002 South 47th Street
Tacoma, WA 98409
Telephone: 253-472-6213

Federal and Washington wage and other laws, including but not limited to 18 U.S.C. § 215, 18 U.S.C. § 1961 *et seq.*, RCW 49.46. *et seq.*, RCW 49.52.050, RCW 19.86. *et seq.* and Washington State common law.

5.    Order Defendants to make Plaintiff MELENDEZ whole by paying him back and front pay and non-pecuniary losses resulting from the unlawful employment practice described in the above paragraphs, including emotional pain, suffering and loss of enjoyment of life, in amounts to be determined at trial.

6.    Reasonable attorney's fees and costs of suit.

7.    For whatever further and additional relief the court shall deem to be just and equitable.

## XIV. JURY DEMAND

Plaintiffs demand a trial by a jury of 12.

**DATED** this ___7ᵗʰ___ day of April 2004.

Law Offices of GRANT & ASSOCIATES

*Paula T Olson*

ARTIS C. GRANT, JR. WSBA #26204
PAULA T. OLSON, WSBA #11584
ROXANNE RARANGOL, WSBA#30340
Attorneys for Plaintiffs DANNENBAUM,
MELENDEZ and Members of THE CLASS

COMPLAINT FOR DAMAGES - 21
H:\6000 FILES\6222 Dannenbaum v. Schucks Auto\complaint
03.30.04.doc